## Pearson's Estate.

*Will—Codicils—Substituted legatees.*

Testatrix by clause 3 of her will gave to each of five·persons $100. By clause 4 she gave the residue to eight persons to be divided equally among them, and directed that if any of such persons should not be living at her death, "let the sum named be returned to the estate and an equal division be made among those living together with Friends' Boarding House." By clause 5 she directed that her household goods and wardrobe should not be sold but should be distributed among a number of persons named. Four of these persons died before the testatrix, but only one of them, a niece, was a residuary legatee under clause 4. By two codicils she added three other persons as residuary legatees, and by a third codicil, after reciting the death of the four persons to whom articles had been bequeathed by clause 5, she directed that the names of five persons should be "put in place of them." One of the persons mentioned as having died, was in clause 3 of the will, and the others including the niece named in clause 4 as a residuary legatee were also in clause 5, as legatees of specific articles. *Held* (1), that it was the intention of the testatrix to substitute the five persons named in codicil 3 in place of the four deceased wherever bequests had been made to them; (2) that the five substituted legatees took collectively the share or bequests which were devised to each of the deceased legatees; (3) that the "Friends' Boarding House" was not entitled to any part of the residuary estate since the testatrix had substituted for the deceased niece, the five persons mentioned in codicil number 3.

Argued Feb. 8, 1905. Appeals, Nos. 15, 16 and 17, Jan. T.; 1905, by Sarah Selser Pearson, et al, from decree of O. C. Delaware Co., dismissing exceptions to auditor's report in Estate of Alice A. Pearson. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to auditor's report.

From the record it appeared that the will of testatrix after some bequests not disputed provided:

" Third. I give and bequeath to Eunice Pearson, Maria Pearson, Martha Sellers, Mary Tagg and Elizabeth H. Powell each One Hundred Dollars ($100). The bequests to the foregoing persons to be free from the Collateral Tax.

" Fourth. I give and bequeath all the rest, residue and remainder of·my Estate, real, and personal, to be divided equally —to Somers S. Pearson, Frances Ash Lauderbach, Julia M. Coleman, Alice Ash Dickins—Medora Smith, Cordelia Smith,

Mary Gamble and Alice Ash Pearson (daughter of Benj. B. Pearson). If any of the aforesaid persons be not living at the time of my death, let the sum named be returned to the Estate, and an equal division be made among those living together with " Friends' Boarding House " located in West Chester, Chester County, Pennsylvania.

" Fifth. I desire that none of my household goods or wardrobe shall be sold but I give and bequeath to the persons named in the following list, the various articles thereof, set opposite their names." Here followed a list of articles, and the names of the legatees, the only ones that need to be mentioned being John W. Coleman, Julia M. Coleman, George H. Sellers and Martha Sellers, all of whom died before the testatrix.

By a codicil in the form of a letter (or letters) to her executors the testatrix directed as follows :

                       " Oct 31st 1897
" To my Executors—            Darby, Pa.

" In case I should not live to make another Will I wish you to follow out my wishes in this note to you—I made no provision for my niece Clara L. Smyth—wife of Marriott Smyth— because I thought she & her family would have ample but her husband has done so much for her mother & sister I would like them to share & share alike with the rest of my nieces and great nieces—mentioned—

                    " Alice A. Pearson."

" Dear Charlie

" Let me say to thee & Joseph T. Bunting—to add the names of Mary E. Gamble & Clara L. Smyth in the equal division of my property, with the rest of my nieces named.

                   " Alice A. Pearson.
" April 1898                  Darby Pa."

By a further codicil testatrix added Sermon B. Pearson to her residuary devisees, and by a still later codicil, called No. 3, she provided :
" Whereas,
      John W. Coleman,
      Julia M. Coleman,

George H. Sellers,

Martha Sellers,

Have passed away—I desire the following names may be put in place of them.

Edward L. Pearson, Philadelphia.

George Pearson, Pittsburg.

Nelson C. Wilson,        "

Elizabeth P. Selser, Philadelphia.

Sarah Selser Pearson,         "

ALICE A. PEARSON."

The final account of the executors was referred to H. J. Makiver, Esq., as auditor, who reported in substance as follows:

In section three of said will we meet with the first matter which requires the consideration of your auditor, and this arises from the fact that one of the legatees therein mentioned, to wit, Martha Sellers, is dead, and it is contended for Elizabeth P. Selser and Sarah Selser Pearson that codicil No. 3 makes a substitution, in that the names of Edward L. Pearson, George Pearson, Nelson C. Wilson, Elizabeth P. Selser and Sarah Selser Pearson are to be substituted in the place of Martha Sellers, deceased, and that each is to take the same share which the other legatees receive under said clause of the will, namely, $100 each.

In section four of the will Julia M. Coleman, one of the residuary legatees, has also died, and it is contended that the five persons named in codicil No. 3 are substituted in the place of Julia M. Coleman, and that each is entitled to share equally with the other residuary legatees.

Both of these contentions depend entirely upon the interpretation of codicil No. 3. We shall take them up together, as whatever our conclusions may be in one will apply equally to the other.

For the Friends' Boarding House it is contended that codicil No. 3 is void on account of it being uncertain, and as such it does not affect the contingent bequest to the boarding house. . . .

Codicil No. 3 is not dated, but from evidence submitted to your auditor and from the codicil itself it is manifest that John W. Coleman, Julia M. Coleman, George H. Sellers and

Martha Sellers were deceased at the time the codicil was written, and the testator has full knowledge of the fact as she expressly recites their death therein, and that she had the will before her or an accurate knowledge of its contents is also clear in that the legatees whom she recites as having passed away are all mentioned in the will. It must be borne in mind that she had made devises to a great many people, all of about the same degree of relationship, namely, nephew, nieces, grandnephews and grandnieces, showing that she had in mind the effect of the death of John W. Coleman, Julia M. Coleman, George H. Sellers and Martha Sellers, and that she desired to substitute Edward L. Pearson, George Pearson, Nelson C. Wilson, Elizabeth P. Selser and Sarah Selser Pearson in their place and stead, they being of the same degree of relationship as appears from testimony submitted to your auditor, and not having been previously provided for. So now the question resolves itself into what clauses in the will did she intend to make the substitutions.

In clause No. 3 of the will we find that she bequeathed to Martha Sellers $100.

In clause No. 4, which provides for a distribution of the residue of the estate, we find the name of Julia M. Coleman.

In clause No. 5 we find the name of Julia M. Coleman six times, and the names of John W. Coleman, George H. Sellers and Martha Sellers, each once.

She has not directed the substitution in any particular clause, so that the substitution must be held to apply generally unless it should appear inconsistent with the intention and substitution impossible.

Now the question is whether the substitution is impossible or inconsistent in any of the clauses of the will?

In the opinion of your auditor a substitution is not impossible so far as relates to clauses No. 3 and 4, as these are bequests of money.

As to clause No. 5, which provides specific bequests of particular pieces of furniture, it would seem at first glance that the substitution was impracticable, as the learned counsel for the Friends' Boarding House has argued, in that it would not be possible to divide the several pieces of furniture particularly mentioned among the five substituted legatees, but it

must be borne in mind that in this clause the testatrix mentioned the name of Julia M. Coleman six times and gave her five pieces of furniture, and gave her the power to keep or change the disposal of anything she may wish to, and as she does not give this special power to any of the substituted legatees, it would seem evident that she did not have this clause only in mind when she wrote the codicil in question.

Therefore, in the mind of your auditor, the testatrix intended to substitute the five persons mentioned to wit: Edward L. Pearson, George Pearson, Nelson C. Wilson, Elizabeth P. Selser and Sarah Selser Pearson, in the place of the four deceased wherever bequests had been made to them.

As to what proportion of the bequests to the deceased persons mentioned the five substituted legatees were to take, your auditor is of the opinion that the testatrix intended that the five substituted legatees should collectively take the share or bequests which were devised to each of the deceased legatees. That is, the bequest of Martha Sellers in clause No. 3 was to be divided equally between the five substituted legatees, and the share of the residuary estate devised to Julia M. Coleman was to be divided equally between the five substituted legatees. And the furniture distributed under clause No. 5 was to be divided among the same persons.

As to clause No. 4, your auditor finds that the Friends' Boarding House is not entitled to any part of the residuary estate, as Julia M. Coleman, having died during the lifetime of the testatrix and she having substituted the following persons in her place and stead, Edward L. Pearson, George Pearson; Nelson C. Wilson, Elizabeth P. Selser and Sarah Selser Pearson, the contingency provided for in this clause never occurred, so that the share coming to Julia M. Coleman under this clause is to be divided equally among Edward L. Pearson, George Pearson, Nelson C. Wilson, Elizabeth P. Selser and Sarah Selser Pearson.

As to clause 4 of the will, we find some additions have been made, in the residuary legatees. In codicil dated October 31, 1897, which is as follows :

" To My Executor—

" In case I should not live to make another Will I wish you

to follow out my wishes in this note to you. I made no provision for my niece Clara L. Smyth—wife of Marriott Smyth—because I thought she & her family would have ample but her husband has done so much for her mother and sister I would like them to share and share alike with the rest of my nieces and great nieces."

And it is contended for Clara L. Smyth and Marriott Smyth that they each take an equal share with the other residuary legatees, but your auditor does not agree with this view, for the reason that the testatrix says that she had made no provision for her niece showing that she only had her niece in mind, and from her own language she did not mean to give this niece anything until her husband, Marriott Smyth, had done certain charitable acts, and on account of this charity she directed that Clara L. Smyth, her niece, be made one of the residuary legatees. Your auditor, therefore, concludes that Clara L. Smyth is one of the residuary legatees, and entitled to share equally with the others.

In codicil dated March 11, 1901, by express terms Sermon B. Pearson is added to the names of the other residuary legatees in the fourth clause of the will, and is entitled to share equally with the others named therein. Therefore, your auditor concludes that the residuary estate shall be divided equally into ten equal shares between Somers S. Pearson, Frances Ash Lauderbach, Alice Ash Dickins, Medora Smyth, Cordelia Smith, Mary Gamble, Alice Ash Pearson, Clara L. Smyth, Sermon B. Pearson, and the tenth share divided equally between Edward L. Pearson, George Pearson, Nelson C. Wilson, Elizabeth P. Selser and Sarah Selser Pearson.

*Error assigned* was in dismissing exceptions to auditor's report.

*Joseph W. Hunsicker*, with him *George T. Hunsicker* and *Charles Hunsicker*, for Elizabeth P. Selser and Sarah Selser Pearson.

*J. Carroll Hayes*, with him *William M. Hayes*, for Friends' Boarding Home of Concord Quarterly Meeting.

*William I. Schaffer*, for Frances Ash Lauderbach and Clara L. Smyth.

*W. B. Broomall*, for George Pearson and Nelson C. Wilson.

*William Morris*, for Somers S. Pearson.

PER CURIAM, March 13, 1905:

These decrees are affirmed on the report of the auditor approved by the court below.